IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LING ZENG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-1570-D |
| | § | |
| CITY OF JOSHUA, TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Ling Zeng ("Zeng") sues the City of Joshua, Texas (the "City") and Joshua Police Department Officer Justin Cox ("Officer Cox") in his personal capacity, asserting claims under 42 U.S.C. § 1983 for violations of her rights under the First, Fourth, and Fourteenth Amendments. Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted and on the ground that Officer Cox is entitled to qualified immunity.[1] Zeng opposes the motion. For the reasons that follow, the court grants the motion and also grants Zeng leave to replead.

I

The relevant background facts of this case are largely set out in a prior memorandum opinion and order and need not be repeated at length for purposes of deciding defendants'

---

[1]Defendants also move for a stay of all discovery and Rule 26 conference and scheduling requirements until the court has ruled on their motion to dismiss. Because the court is granting defendants' motion to dismiss, defendants' stay motion is denied without prejudice as moot.

motion to dismiss. *See Zeng v. City of Joshua, Tex. ("Zeng I")*, 2025 WL 847885, at *1-2 (N.D. Tex. Mar. 18, 2025) (Fitzwater, J.). After the court dismissed Zeng's first amended complaint and granted her leave to replead, *id.* at *6-7, Zeng filed a second amended complaint. Zeng asserts claims under § 1983 for false imprisonment and wrongful arrest, in violation of the Fourth and Fourteenth Amendments, and for violation of her First and Fourteenth Amendment right to free speech. Defendants now move to dismiss under Rule 12(b)(6) on the grounds that Zeng has failed to state a claim on which relief can be granted and that Officer Cox is entitled to qualified immunity. Zeng opposes the motion, which the court is deciding on the briefs, without oral argument.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than

a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### III

The court first considers whether Zeng has plausibly pleaded a § 1983 claim against the City. In *Zeng I* the court dismissed Zeng's § 1983 claim against the City because she failed to plausibly plead that the City's alleged policy or custom of harassing her was the "moving force" behind her allegedly unconstitutional arrest. *See Zeng I*, 2025 WL 847885, at *4-5. On repleading, Zeng has offered detailed allegations regarding the City's alleged campaign of harassment, but only conclusory allegations regarding the requisite causal connection between such harassment and her allegedly unconstitutional arrest. For example, Zeng newly alleges:

> The custom of using the City's municipal power in enforcing land use and/or zoning ordinances and the Texas Penal Code against Plaintiff in efforts to oust her from the City directly caused Plaintiff's Constitutional violations alleged herein. Further, the City adopted this custom and/or policy with deliberate indifference to the known or obvious fact that specific constitutional violations would follow.

2d Am. Compl. (ECF No. 27) ¶ 66. These allegations are inadequate to plausibly plead the

moving-force requirement. Accordingly, Zeng's § 1983 claims against the City are dismissed.

IV

The court now considers whether Zeng has plausibly pleaded a § 1983 claim against Officer Cox, who has reasserted his qualified immunity defense. In *Zeng I* the court dismissed Zeng's § 1983 claims against Officer Cox for false imprisonment, wrongful arrest, and denial of her right to freedom of speech because Zeng failed to overcome Officer Cox's qualified immunity by identifying precedent contemporaneous with her arrest that clearly established that Officer Cox lacked probable cause. *See Zeng I*, 2025 WL 847885, at *5-6. On repleading, Zeng has again failed to do so.

Zeng cites to *Voss v. Goode*, 954 F.3d 234 (5th Cir. 2020), as clearly establishing that her "speech alone" did not supply probable cause to arrest her for the Texas state-law criminal offense of interfering with the duties of a public servant, Tex. Penal Code Ann. § 38.15(a)(7) (West 2025). 2d Am. Compl. (ECF No. 27) ¶ 70. Although *Voss* clearly established that a violation of § 38.15 requires "more than speech alone," *Voss*, 954 F.3d at 239 (citing Tex. Penal Code Ann. § 38.15(d) (West 2025)), it did not clearly establish that Zeng's conduct, which consisted of climbing aboard the mower and advising the City's contractor to cut the power, was "speech alone."

Zeng argues that, under *Nieves v. Bartlett*, 587 U.S. 391 (2019), for purposes of her First Amendment retaliatory arrest claim, even if Officer Cox had probable cause to arrest her, he violated her First and Fourteenth Amendment rights by arresting her but not her

employee José, who had previously interfered with the City's contractor and later drove Zeng over to the contractor when she interfered. *Nieves* provides that there is an exception to the requirement of a viable First Amendment retaliatory arrest claim that there be no probable cause for the arrest "when a plaintiff presents objective evidence that [she] was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id.* at 407. But Zeng has not identified precedent that clearly established at the time of her arrest that she and José were "otherwise similarly situated." *See, e.g.*, *Bailey v. Ramos*, 125 F.4th 667, 685 (5th Cir. 2025) (declining to apply *Nieves* exception based on failure to arrest persons who were not similarly situated to arrestee).[2] "The Supreme Court has repeatedly told courts not to define clearly established law at that high level of generality. Rather, the dispositive question is whether the violative nature of *particular* conduct is clearly established." *Morrow v. Meachum*, 917 F.3d 870, 875 (5th Cir. 2019) (emphasis added) (citation modified).

Accordingly, Zeng's § 1983 claims against Officer Cox are dismissed.

V

Although the court is dismissing Zeng's claims against defendants, it will permit her to replead. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68

---

[2] The court's focus on the similarly-situatedness of Zeng and José reflects the scope of the briefing, not the scope of the *Nieves* exception. *See Gonzalez v. Trevino*, 602 U.S. 653, 658 (2024) (per curiam) (explaining that *Nieves* exception does not "demand [] virtually identical and identifiable comparators" and approving use of evidence that "that no one has ever been arrested for engaging in [conduct for which the arrestee was arrested]").

(N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal). There is no indication that Zeng cannot, or is unwilling to, cure all the defects that the court has identified. The court therefore grants her 28 days from the date this memorandum opinion and order is filed to file a third amended complaint.

\* \* \*

For the reasons explained, the court grants defendants' May 29, 2025 motion to dismiss, grants Zeng leave to file a second amended complaint within 28 days of the date this memorandum opinion and order is filed, and denies as moot defendants' June 13, 2025 motion to stay discovery.

**SO ORDERED**.

August 20, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE