IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LING ZENG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-1570-D |
| | § | |
| CITY OF JOSHUA, TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Ling Zeng ("Zeng") sues the City of Joshua, Texas (the "City") and Joshua Police Department Officer Justin Cox ("Officer Cox"), in his personal capacity, asserting claims under 42 U.S.C. § 1983 for violations of her rights under the First, Fourth, Fifth, and Fourteenth Amendments. Each defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.[1] Officer Cox contends that he is entitled to qualified immunity. Zeng opposes both motions, which the court is deciding on the briefs, without oral argument. For the reasons that follow, the court grants the motions to dismiss and enters judgment dismissing this suit against both defendants.

---

[1]Defendants also move for a stay of all discovery and abatement of the court's May, 30,2025 order, any Rule 26 conference, and any scheduling requirements until the court rules on their motions to dismiss. Because the court is granting defendants' motions to dismiss, defendants' stay motion is denied without prejudice as moot.

I

The relevant background facts of this case are largely set out in a prior memorandum opinion and order and need not be repeated at length for purposes of deciding defendants' motions to dismiss. *See Zeng v. City of Joshua ("Zeng I")*, 2025 WL 847885, at *1-2 (N.D. Tex. Mar. 18, 2025) (Fitzwater, J.). The court dismissed Zeng's first and second amended complaints, but granted her leave to replead. *See id.*; *Zeng v. City of Joshua ("Zeng II")*, 2025 WL 2410298, at *1 (N.D. Tex. Aug. 20, 2025) (Fitzwater, J.). In her third amended complaint, Zeng asserts claims under § 1983 for excessive force, wrongful arrest, fabrication of evidence, deprivation of free speech, and false imprisonment, in violation of the First, Fourth, Fifth, and Fourteenth Amendments.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the] plaintiff['s] [third] amended complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (final alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).[2] To survive a Rule 12(b)(6) motion to

---

[2]The court can also consider the audio and video recordings attached to Zeng's third amended complaint. *See* 3d Am. Compl. Ex. 2-5; *see also Gomez v. United States*, 2015 WL 3421045, at *3 (N.D. Tex. May 27, 2015) (Fitzwater, J.) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205). Video recordings can be "included in the pleadings" such that they are appropriate for the court to consider when deciding a Rule 12(b)(6) motion to dismiss. *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1163 (5th Cir. 2021) (approving

dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (brackets omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### III

The court first considers whether Zeng has plausibly pleaded a § 1983 claim against the City.

In *Zeng I* and *Zeng II* the court dismissed Zeng's claims against the City on the ground that she had failed to plausibly plead that the decision to send the mower onto her property

---

district court's decision to consider dashcam and bodycam video footage available on YouTube where link to the video was included in the pleadings). In such cases, "the video depictions of events, viewed in the light most favorable to the plaintiff, should be adopted over the factual allegations in the complaint if the video 'blatantly contradict[s]' those allegations." *Id.* (alteration in original) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

or alleged campaign of harassment was the "moving force" behind the allegedly unconstitutional conduct. *See Zeng I*, 2025 WL 847885, at *4-5; *Zeng II*, 2025 WL 2410298, at *2. On repleading, Zeng attempts to remedy this deficiency by adding allegations regarding the City's alleged animus against her and plot to devalue her property. But even if the City's alleged custom was the but-for cause of her arrest, Zeng has failed to plausibly plead that it was the "moving force" behind the constitutional violations she alleges. *See Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015) ("The 'moving force' inquiry imposes a causation standard higher than 'but for' causation."). She does not, for example, plead facts that would allow the court to reasonably infer that the City ordered Officer Cox to commit the alleged constitutional violations, or that such violations were customary in the course of enforcement actions on her property. *See Zeng I*, 2025 WL 847885, at *4 (citing *Groden v. City of Dallas*, 826 F.3d 280, 286 (5th Cir. 2016)). Without such pleaded facts, Zeng's allegation that City officials deliberately orchestrated her purportedly unconstitutional arrest is conclusory.

Nor does she plausibly plead that the City promulgated any of the policies at issue or decided to send its mower onto Zeng's property "with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." *Mason*, 806 F.3d at 280 (citation omitted); *see Zeng I*, 2025 WL 847885, at *5 (citing *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004)). The only alleged constitutional violations that Zeng mentions in her third amended complaint are those than underlie her instant claims. *See, e.g.*, *Johnson*, 379 F.3d at 309 (concluding that plaintiff

did not plausibly allege deliberate indifference to known or obvious consequence of unlawful entry where plaintiff did not allege similar past incidents); *Mason*, 806 F.3d at 281-82 ("[T]he Masons have not provided evidence of problems with Lafayette's disciplinary and investigatory procedures outside the present case.").

Accordingly, the court dismisses Zeng's claims against the City.

IV

The court now considers whether Zeng has plausibly pleaded a § 1983 claim against Officer Cox that is not barred by qualified immunity.

A

The court turns initially to Zeng's claims for wrongful arrest, deprivation of her free speech, and false imprisonment. In *Zeng I* and *Zeng II* the court dismissed these claims on the basis that Zeng had failed to overcome Officer Cox's qualified immunity defense by identifying precedent contemporaneous with her arrest that clearly established that Officer Cox lacked probable cause. *Zeng I*, 2025 WL 847885, at *5-6; *Zeng II*, 2025 WL 2410298, at *2-3. On repleading, Zeng has failed to remedy this deficiency.

Zeng contends that it was clearly established at the time of her arrest that an arrest for "speech alone" violates the Fourth Amendment. But Zeng has failed to cite a source of law that clearly established that her conduct, which consisted of climbing aboard the mower, was "speech alone." *See Zeng II*, 2025 WL 2410298, at *2 (dismissing Zeng's second amended complaint for the same reason). Zeng cites cases involving arrests for interference, but these cases are either nonprecedential, were issued after the allegedly unconstitutional conduct

took place, or do not involve conduct similar to climbing aboard a mower. *See Freeman v. Gore*, 483 F.3d 404, 413 (5th Cir. 2007) (finding no probable cause where plaintiff's conduct was "limited to insisting that the deputies could not enter her home unless they had a search warrant"); *Voss v. Goode*, 954 F.3d 234, 239-40 (5th Cir. 2020) (concluding that a reasonable officer could believe that instructing a child to disobey a police order was not speech only); *Vela v. Lewis*, 2025 WL 1569449, at *3 (S.D. Tex. June 3, 2025) (nonprecedential, issued after the conduct in question, and dissimilar facts); *Reyes v. City of Austin*, 2025 WL 1931954, at *6 (W.D. Tex. June 6, 2025) (same). Therefore, Zeng has not shown that every reasonable official in Officer Cox's position would have understood that they lacked probable cause. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (the law must be clearly established "at the time of the challenged conduct"); *Marks v. Hudson*, 933 F.3d 481, 486 (5th Cir. 2019) (nonprecedential opinions cannot be a source of clearly established law); *Morrow v. Meachum*, 917 F.3d 870, 874-75 (5th Cir. 2019) (clearly established law must be defined with particularity).

Zeng also maintains that, even if Officer Cox had probable cause to arrest her, he violated her First and Fourteenth Amendment rights by arresting her but not her employee, José. *See Nieves v. Bartlett*, 587 U.S. 391, 407 (2019) (permitting a retaliatory arrest claim, even in the absence of probable cause, "when a plaintiff presents objective evidence that [she] was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been."). In *Zeng II* the court found this argument unpersuasive because Zeng had failed to identify precedent that clearly established at the time of her arrest

that she and José were "otherwise similarly situated." *See Zeng II*, 2025 WL 2410298, at *2 (quoting *Bailey v. Ramos*, 125 F.4th 667, 685 (5th Cir. 2025)). On repleading, Zeng again fails to cite such precedent. Moreover, Zeng's bare assertions that she and José were similarly situated are unavailing. Although Zeng alleges that José stopped the mower when it initially arrived and was not arrested, Zeng, not José, climbed onto the cabin of the mower after receiving a warning that she could be arrested for interference.

Accordingly, Officer Cox is entitled to qualified immunity with respect to Zeng's wrongful arrest, deprivation of free speech, and false imprisonment claims, and the court dismisses these claims.

B

The court now turns to Zeng's excessive force claim.

1

"The Fourth Amendment's protection against unreasonable seizures of the person has been applied in causes of action under 42 U.S.C. § 1983 to impose liability on police officers who use excessive force against citizens." *Collier v. Montgomery*, 569 F.3d 214, 218 n.12 (5th Cir. 2009) (citing *Colston v. Barnhart*, 130 F.3d 96, 102 (5th Cir. 1997)). "To establish an excessive force claim, a plaintiff must prove '(1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable.'" *McVae v. Perez*, 120 F.4th 487, 492 (5th Cir. 2024) (quoting *Jackson v. Gautreaux*, 3 F.4th 182, 186 (5th Cir. 2021)).

The court will assume *arguendo* that Zeng suffered a non-*de minimis* injury during

her arrest. "The relevant question in this case is whether the force was 'clearly excessive' or 'clearly unreasonable.'" *Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008). In assessing the reasonableness of the use of force, the court must give "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [she] is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* This is an objective standard: "the question is whether the officer['s] actions are 'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation." *Id.* at 397.

2

Zeng has not plausibly pleaded that Officer Cox used objectively unreasonable force under the circumstances. Zeng's allegations that Officer Cox "slammed her body against his patrol car violently, and started conducting an inappropriate physical search," 3d Am. Compl. ¶ 53, are contradicted by conclusive video evidence, 3d Am. Compl. Ex. 3, which depicts a routine arrest and pat down. *See Scott*, 550 U.S. at 380. Zeng, in her own words, "did recoil at times," P. Br. (ECF No. 53) at 23, and Officer Cox maintained a firm grip over her, leaned her against a police vehicle, and patted her down before placing her in the back of the vehicle. 3d Am. Compl. Ex 3. Because the video recordings, viewed in the light most favorable to Zeng, would not permit the reasonable inference that Officer Cox used

unreasonable force, in violation of Zeng's Fourth Amendment rights, Officer Cox is entitled to qualified immunity on Zeng's excessive force claim.

3

In the alternative, Officer Cox is entitled to qualified immunity on Zeng's excessive force claim under the "clearly established" prong of the qualified immunity analysis.

To determine whether a right was "clearly established," the court must

> ask whether the law so clearly and unambiguously prohibited [the defendant's] conduct that every reasonable official would understand that what he is doing violates the law. To answer that question in the affirmative, [the court] must be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity.

*Morgan v. Swanson*, 659 F.3d 359, 371-72 (5th Cir. 2011) (en banc) (citation modified) (quoting *al-Kidd*, 563 U.S. at 741). A court may not "define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014) (internal quotation marks and citation omitted).

Here, Zeng has failed to point to any controlling (or even persuasive) authority that would have put every reasonable officer in Officer Cox's position on notice that leaning Zeng against a police vehicle, while keeping a tight grip over her and patting her down, violated her clearly established constitutional right to be free from excessive force. The precedential cases Zeng cites in her responsive brief involve considerably greater force and therefore do not satisfy the fair notice requirement. *See Tarver v. City of Edna*, 410 F.3d

745, 753 (5th Cir. 2005) (officer allegedly slammed police car door on plaintiffs foot and head); *Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017) (officers allegedly threw plaintiff onto the ground, kneed him in the back, and pushed his face into the concrete); *Trammell v. Fruge*, 868 F.3d 332, 342 (5th Cir. 2017) (officers allegedly tackled plaintiff and pummeled him with their knees and fists); *Hanks v. Rogers*, 853 F.3d 738, 749 (5th Cir. 2017) (officer allegedly conducted a physical takedown); *Sam v. Richard*, 887 F.3d 710, 714 (5th Cir. 2018) (officers allegedly kneed plaintiff in the hip and pushed him against the patrol car while he was lying face down on the ground with his hands on his head).

Accordingly, the court concludes that Officer Cox is entitled to qualified immunity and dismisses Zeng's excessive force claim.

C

Finally, the court consider Zeng's fabrication of evidence claim.

1

Zeng invokes *Cole v. Carson*, which recognized that there is "a due process right not to have police deliberately fabricate evidence and use it to frame and bring false charges against a person." *Cole v. Carson* (*"Cole I"*), 802 F.3d 752, 771 (5th Cir. 2015), *vacated on other grounds sub nom. Hunter v. Cole*, 580 U.S. 994 (2016), *and reinstated in part*, 905 F.3d 334 (5th Cir. 2018). "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham*,

490 U.S. at 395). Zeng's substantive due process claim relies on the same factual allegations that underlie her Fourth Amendment claims. But because doing so does not affect the court's decision regarding dismissal, the court will assume *arguendo* that Zeng may bring a fabrication of evidence claim under a substantive due process theory, and turns to whether she has stated a plausible claim. To state such a claim, Zeng must plausibly plead that "(1) the officer[] fabricated evidence (2) for the purpose of falsely obtaining a charge and (3) that the evidence influenced the decision to charge." *Cole v. Hunter*, 497 F.Supp.3d 172, 190 (N.D. Tex. 2020) (O'Connor, J.).

2

Zeng asserts that Officer Cox made false or misleading statements in the probable cause affidavit, including: "Zeng was informed she or her employees were not allowed to interfere with Michael Richard Casey." 3d Am. Compl. ¶ 79. "Joshua Fire Marshall, the Joshua Fire Chief, myself Officer Cox, and Officer Bright observed Ling Zeng stop the tractor by walking up to it, climb onto the tractor open the door to the tractor, causing the operator, Casey, to stop the operation of his tractor because continuing to operate the tractor would have been unsafe for Ling Zeng." *Id.* "She did not get off the tractor, I grabbed her by the arm to remove her from the tractor and she began shouting and pulling away from me." *Id.*

Zeng also maintains that the police report and probable cause affidavit contain the following omissions: "[Zeng] repeatedly asked [Officer Cox] and the others for the identity of the tractor operator, and it was withheld." *Id.* ¶ 80. "[Zeng] stated when she headed in

Casey's direction, 'I need to gather information. To document. That is my intention.'" *Id.*

3

Zeng has failed to plausibly plead a substantive due process fabrication of evidence claim.

Zeng's allegations do not "plausibly suggest" that Officer Cox fabricated evidence. *Armstrong v. Ashley*, 60 F.4th 262, 272 (5th Cir. 2023) (quoting *Twombly*, 550 U.S. at 557). The video evidence does not contradict Officer Cox's statements regarding the arrest. But even assuming *arguendo* that Zeng's recollection of the arrest is correct and other evidence contradicts Officer Cox's version of events, Zeng's allegations, at best, suggest that Officer Cox may have recounted the arrest in "far too rosy a light." *Jones v. Perez*, 790 Fed. Appx. 576, 582 (5th Cir. 2019) (per curiam). The court cannot reasonably infer that Officer Cox's statements were made up "out of whole cloth such that . . . [they] would 'shock the conscience.'" *Id.* (quoting *Cole I*, 802 F.3d at 771 ("Executive action must shock the conscience in order to violate substantive due process.")); *see also McCullough v. Herron*, 838 Fed. Appx. 837 (5th Cir. 2020) (per curiam) ("An inconsistency in an affidavit, along with assertions that Herron should have done more . . . before reaching her conclusions, do not amount to evidence of 'arbitrary or conscience-shocking' conduct."). Nor can the court reasonably infer that Officer Cox omitted facts to fabricate evidence and obtain a charge against Zeng.[3]

---

[3]Zeng has no standalone Fourth Amendment fabrication of evidence claim under *Franks v. Delaware*, 438 U.S. 154 (1978). Unlike in *Franks*, Zeng does not allege that

Accordingly, the court dismisses Zeng's fabrication of evidence claim.

\* \* \*

For the reasons explained, the motions to dismiss of the City's and Officer Cox are granted, and this suit is dismissed by judgment filed today.

**SO ORDERED**.

December 15, 2025.

*[signature]*
SIDNEY A. FITZWATER
SENIOR JUDGE

---

Officer Cox made a false statement in connection with a warrant. *See id.* at 171-72. In the § 1983 context, *Franks* permits a plaintiff asserting a wrongful arrest claim to challenge the validity of a magistrate's determination of probable cause on the basis that the magistrate relied on false testimony. *See Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018). But having dismissed Zeng's wrongful arrest claim on a different basis—the lack of clearly established law indicating that Officer Cox lacked probable cause, *see supra* § IV(A)—the court need not address Zeng's fabrication of evidence arguments under *Franks*. *See Jones*, 790 Fed. Appx. at 580 ("Because 'a warrant is not a prerequisite to a lawful arrest,' the ultimate inquiry for a Fourth Amendment false arrest claim is whether the arrest was reasonable." (quoting *United States v. Morris*, 477 F.2d 657, 663 (5th Cir. 1973)). In any event, Zeng has failed to satisfy the requirements of *Franks*. "[A] [criminal] defendant's Fourth Amendment rights are violated if (1) the affiant, in support of the warrant, includes 'a false statement knowingly and intentionally, or with reckless disregard for the truth' and (2) 'the allegedly false statement is necessary to the finding of probable cause.'" *Winfrey*, 901 F.3d at 494 (quoting *Franks*, 438 U.S. at 155-56). For the reasons explained regarding her substantive due process claim, Zeng has failed to plausibly plead that Officer Cox made a false statement with the requisite culpability.

- 13 -